James K. Schultz, Esq. (SBN 309945)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste. 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 619/296-2013
dkirkpatrick@sessions.legal
drichard@sessions.legal

Attorneys for Defendant Rudolph Incorporated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELE WITTMANN, individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RUDOLPH INCORPORATED, and DOES 1-10 inclusive, and each of them,<br><br>　　　　　　Defendant. | Case No. 8:17-CV-01502-MCE-EFB<br><br>ANSWER TO COMPLAINT |

Defendant Rudolph Incorporated ("Rudolph"), by and through undersigned counsel, responds as follows to the Complaint of Plaintiff Gabriele Wittmann:

## INTRODUCTION

1. Rudolph admits that Plaintiff brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, but denies any violation or wrongdoing to the extent alleged in ¶ 1.

2. Rudolph admits that Plaintiff brings this lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Except as expressly admitted, Rudolph denies the remaining allegations contained in ¶ 2.

## JURISDICTION & VENUE

3. Rudolph avers the allegations contained in ¶ 3 are legal conclusions to which no response is required. To the extent a response is required, Rudolph avers the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Except as expressly admitted, Rudolph denies the remaining allegations contained in ¶ 3.

4. Rudolph avers the allegations contained in ¶ 4 are legal conclusions to which no response is required. To the extent a response is required, Rudolph admits venue is proper.

## PARTIES

5. Rudolph lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 5, and based thereon denies the same.

6. Rudolph avers the allegations contained in ¶ 6 are legal conclusions to which no response is required. To the extent a response is required, Rudolph admits it is a person as defined by 47 U.S.C. § 153(39). Except as expressly admitted, Rudolph denies the remaining matters alleged in ¶ 6.

7. Rudolph lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 7, and based thereon denies the same.

8. Rudolph lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 8, and based thereon denies the same.

## FACTUAL ALLEGATIONS

9. In response to ¶ 9, Rudolph admits calls were placed to a telephone number ending in 8095 in connection with Plaintiff's auto loan.

10. In response to ¶ 10, Rudolph admits calls were placed to a telephone number ending in 8095 in connection with Plaintiff's auto loan.

11. Rudolph avers the allegations contained in ¶ 11 are legal conclusions to which no response is required. To the extent a response is required, Rudolph denies the allegations contained in ¶ 11.

12. In response to ¶ 12, Rudolph admits that in the ordinary course of business it did not place calls for emergency purposes.

13. Rudolph lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 13, and based thereon denies the same.

14. Rudolph denies the allegations contained in ¶ 14.

15. Rudolph denies the allegations contained in ¶ 15.

## CLASS ALLEGATIONS

16. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class as alleged in ¶ 16, but Rudolph denies this action can be maintained as a class action.

17. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies the allegations contained in ¶ 17 and denies this action can be maintained as a class action.

18. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class excluding the categories of persons outlined in ¶ 18, but Rudolph denies the allegations contained in ¶ 18 and denies this action can be maintained as a class action.

19. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies the allegations contained in ¶ 19 and denies this action can be maintained as a class action.

20. Rudolph denies the allegations contained in ¶ 20.

21. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies the allegations contained in ¶ 21, and subparagraphs a. through c., inclusive, and denies this action can be maintained as a class action.

22. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies the allegations contained in ¶ 22 and denies this action can be maintained as a class action.

23. In response to ¶ 23, Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies this action can be maintained as a class action. Rudolph lacks sufficient information to form a belief as to the truth of the remaining matters alleged in ¶ 23, and based thereon denies the same.

24. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies the allegations contained in ¶ 24 and denies this action can be maintained as a class action.

25. Rudolph admits that Plaintiff purports to bring this action on behalf of a putative class, but Rudolph denies the allegations contained in ¶ 25 and denies this action can be maintained as a class action.

26. Rudolph denies the allegations contained in ¶ 26.

# FIRST CAUSE OF ACTION
Telephone Consumer Protection Act
47 U.S.C. § 227

27. Rudolph incorporates its responses contained in all of the above paragraphs as though fully set forth herein.

28. Rudolph denies the allegations contained in ¶ 28.

29. Rudolph denies the allegations contained in ¶ 29.

30. Rudolph denies the allegations contained in ¶ 30.

# SECOND CAUSE OF ACTION
Telephone Consumer Protection Act
47 U.S.C. § 227

31. Rudolph incorporates its responses contained in all of the above paragraphs as though fully set forth herein.

32. Rudolph denies the allegations contained in ¶ 32.

33. Rudolph denies the allegations contained in ¶ 33.

34. Rudolph denies the allegations contained in ¶ 34.

35. Rudolph denies the allegations contained in prayer for relief.

# AFFIRMATIVE DEFENSES

# FIRST AFFIRMATIVE DEFENSE

Rudolph alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Rudolph alleges Plaintiff consented to and/or invited the conduct for which she seeks relief.

## THIRD AFFIRMATIVE DEFENSE

Rudolph alleges Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

Rudolph alleges that the calls at issue were not placed using an automatic telephone dialing system and/or artificial or prerecorded voice.

## FIFTH AFFIRMATIVE DEFENSE

Rudolph alleges that the calls to Plaintiff at issue in this action were not to a wireless a/k/a mobile a/k/a cellular phone number.

WHEREFORE, Rudolph respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;

2. Judgment of dismissal be entered in favor of Rudolph;

3. Rudolph be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. Rudolph be granted such other and further relief as the Court deems just and proper.

Dated: 9/11/17	SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/ Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorney for Defendant
Rudolph Incorporated